*Porter* for the plaintiff.

---

### ZACHARIE vs. RICHARDS.

APPEAL from the court of the first district.

MATTHEWS, J. delivered the opinion of the
court. This cause was heard in the court be-
low, on exceptions taken by the counsel for the
defendant in relation to the service of the cita-
tion, which was held to have been illegally
made, and the suit was ordered to be dismissed.
From the judgment of dismissal the plaintiff
appealed.

It appears by the evidence in this case, that
the defendant resided in New-Orleans some
time previous to the institution of this suit; and
that he was a merchant, became bankrupt, and
was not to be found in the city when citation
issued in the present action. While he remain-
ed here, he lived with one Chas. Clark, as a
boarder, in Jefferson-street. Clark removed to

Conde-street after the defendant had left the city, and the citation was left at the house of the witness in his latter place of residence, when the defendant never lived with him.

This latter place was not at any time the domicil of the defendant, and the service of citation there was clearly illegal. If the defendant was ever domiciliated in New-Orleans, his domicil must have been in that house where he eat and slept, or in that where he carried on his mercantile affairs. According to the provisions of the Lou. code, a change of domicil ought regularly to be declared by a person intending to make such change. See articles 43d & 44th: and in case this declaration is not made, the proof of the intention to change shall depend on circumstances, art. 45. Now it appears to us that circumstances more calculated to induce a person to change his domicil, could scarcely be imagined, than those in which the defendant found himself after his failure, which appears to have been entire and complete, accompanied by a charge of forgery made against him in relation to his bilan.

The circumstance of the defendant appearing before a commissioner in Philadelphia (who had been appointed to examine witnes-

Eastern Dist.
Feb'ary, 1828.

ZACHARIE
vs.
RICHARDS.

ses,) and filing cross interrogatories, does not cure the illegality of service of the citation. No issue had been joined either express or tacit— the action had no foundation in consequence of the want of citation. *See code prac. art.* 359. In truth the defendant never appeared in court to plead to the merits of the case, and thereby join issue with the plaintiff, which perhaps alone could cure the defect in serving the citation.

It is therefore ordered, &c. that the judgment of the district court be affirmed with costs.

*Strawbridge* for the plaintiff, *Maybin* for the defendant.